UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

———————————————————————

| | |
|---|---|
| Alisha Simes, as parent and natural guardian of Julian Simes; and Veronica Jones, as parent and natural guardian of Christopher Jones,<br><br>Plaintiffs,<br><br>vs.<br><br>Paul Ford, Candice Beaudette, Thaddeus Schmidt, Ron Lehner and Jeff Whitbeck, all in their individual capacities as police officer of the City of St. Paul; and the City of St. Paul,<br><br>Defendants. | Court File No. 04-4831 (JRT/FLN)<br><br>JOINT AND SEPARATE ANSWER OF PAUL FORD, CANDICE BEAUDETTE, THADDEUS SCHMIDT, RON LEHNER, JEFF WHITBECK AND THE CITY OF ST. PAUL TO PLAINTIFFS' AMENDED COMPLAINT |

———————————————————————

Defendants Paul Ford, Candice Beaudette, Thaddeus Schmidt, Ron Lehner, Jeff Whitbeck and the City of St. Paul, for their Joint and Separate Answer to Plaintiffs' Amended Complaint, state that:

Deny each and every allegation of said Amended Complaint except as is hereinafter admitted, qualified, or otherwise explained.

1.   As to the allegations contained in Paragraph 1, admit that the action brought by Plaintiffs is for money damages and that the Plaintiffs allege tortious behavior on the part of and the violations of unspecified constitutional rights by Officer Paul Ford, Candice Beaudette, Thaddeus Schmidt, Ron Lehner, Jeff Whitbeck, but deny the remaining allegations.

2.   As to the allegations in Paragraph 2 of the Amended Complaint, Defendants admit that the Plaintiffs' action is purportedly brought pursuant to 42 U.S.C. §§ 1981, 1983, 1986, the Fourth and Fourteenth Amendments of the United States Constitution and to 28 U.S.C. §§ 1331

and 1343(3), that these statutory and constitutional provisions confer jurisdiction upon this Court., and that Plaintiffs seek to invoke the Court's pendant jurisdiction over claims arising under the laws of the State of Minnesota.

3. As to the allegations contained in Paragraph 3, Defendants are without knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein and therefore deny the allegations and put the Plaintiffs to their proof.

4. As to the allegations contained in Paragraph 4, admit.

5. As to the allegations contained in Paragraph 5, Defendants admit that the Plaintiffs' action is purportedly brought for money damages and to require changes in the policies and procedures of the St. Paul Police Department, but deny the substance of the allegations contained in the Paragraph and put the Plaintiffs to their proof.

6. As to the allegations contained in Paragraphs 6 and 7, Defendants are without knowledge or information to form a belief as to the truth or accuracy of the allegations contained therein and therefore deny the allegations and put the Plaintiffs to their proof.

7. As to the allegations contained in Paragraph 8, Defendants admit only that Paul Ford, Candice Beaudette, Thaddeus Schmidt, Ron Lehner, Jeff Whitbeck were duly appointed and acting St. Paul police officers on November 21, 2003.

8. As to the allegations contained in Paragraphs 9 and 10, Defendants admit only that Julian Simes was eleven years old and Christopher Jones was twelve on November 21, 2003, that both are black males, but are without knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained therein and therefore deny said allegations and therefore put the Plaintiffs to their proof.

9. As to the allegations contained in Paragraphs 11 and 12, Defendants admit that Plaintiffs and Jacob Whaley were in the vicinity of Weida Park, located at the corner of Burr and Tedesco in the City of St. Paul, at approximately 7:00 p.m. on November 21, 2003, and that Defendant Officer Paul Ford was the lone occupant in a van by the park but are without knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in those Paragraphs and therefore deny the allegations and put Plaintiffs to their proof.

11. As to the allegations contained in Paragraph 13, Defendants admit that Officer Ford had reasonable suspicion to believe the Plaintiffs were involved in a nearby robbery, affirmatively allege that the boys without apparent reason began to flee the area, admit that Officer Ford approached the Plaintiffs and the third party while in the van, affirmatively allege that he turned on the van's headlights when he approached the boys, but are without knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained therein and therefore deny those allegations and put Plaintiffs to their proof.

12. As to the allegations contained in Paragraph 14, Defendants are without knowledge or information to form a belief as to the truth or accuracy of the Plaintiffs' alleged state of mind and therefore deny the allegations contained in Paragraph 14 and put Plaintiffs to their proof.

13. As to the allegations contained in Paragraph 15, admit that Officer Ford was in a maroon, unmarked van at the time he heard the radio dispatch concerning the robbery and a description of the suspect and deny the remaining allegations.

14. As to the allegations contained in Paragraph 16, admit.

15.     As to the allegations contained in Paragraph 17, Defendants admit that Officer Ford, upon seeing the Plaintiffs, believed one or more of the individuals matched the description of the robbery suspect, affirmatively assert that he had reasonable suspicion to stop them and inquire further, admit that the individuals ultimately measured between 5'4" and 5'9" in height.

16.     As to the allegations contained in Paragraph 18, Defendants admit only that Officer Ford had his lights off while surveiling the park and that, upon reasonably believing he was observing at least one suspect in the robbery, he turned on his vehicle lights and gave chase to the individuals whom he reasonably believed were attempting the flee the area.

17.     As to the allegations contained in Paragraph 19, admit that Officer Ford was not in police uniform, affirmative allege he was wearing a St. Paul Police badge on his left jacket pocket and that he immediately identified himself as an officer upon alighting from his vehicle, and deny the remaining allegations.

18.     As to the allegations contained in Paragraph 20, admit only that the Plaintiffs fled from Officer Ford and that the third party, later identified as Jacob Whaley fled in another direction and was not apprehended, and deny the remaining allegations.

18.     As to the allegations contained in Paragraph 21, Defendants admit only that backup squads arrived and assisted in the apprehension of the Plaintiffs, and deny the remaining allegations and put the Plaintiffs to their proof.

19.     As to the allegations contained in Paragraph 22, Defendants admit that Officer Ford pointed his gun at Plaintiff Jones and ordered him to put both his hands in the air, that Jones said something to the effect that 'I'm a kid,' assert affirmatively that Jones did not initially fully comply, deny the remaining allegations and put the Plaintiffs to their proof.

20. As to the allegations contained in Paragraph 23, admit that officers inquired as to the whereabouts of the gun that officers at the time reasonably believed may have been in the Plaintiffs' possession.

21. As to the allegations contained in Paragraph 24, Defendants admit only that Plaintiffs were physically escorted to the ground, deny the remaining allegations and put the Plaintiffs to their proof.

22. As to the allegations contained in Paragraph 25, Defendants admit that both Plaintiffs were handcuffed and placed in separate squad cars, that they denied involvement in the robbery, that they were eventually released, assert affirmatively that they declined Officer Ford's offer to give them a ride home, are without knowledge or information to form a belief as to the truth or accuracy of the allegations that the Plaintiffs were terrified or that they ran home crying to Christopher's mother, deny the remaining allegations, and put the Plaintiffs to their proof.

23. As to the allegations in Paragraph 26, admit that both Plaintiffs went to Children's Hospital on the evening of November 21, 2003 and that hospital staff noted minor abrasions and/or bruises on both Plaintiffs, that doctors characterized Plaintiff Simes as frightened and anxious, but deny that any of these injuries/manifestations were due to or caused by the Defendants.

24. As to the allegations contained in Paragraphs 27 through 31, and Paragraphs 33 through 64, Defendants specifically deny the allegations contained therein and put Plaintiffs to their proof.

25. As to the allegation contained in Paragraph 32, Defendants admit that Plaintiffs demand a jury trial.

## AFFIRMATIVE DEFENSES

26. That Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

27. That Plaintiffs' claims are barred by the doctrines of official and/or qualified immunity.

28. That Plaintiffs' claims are barred by the applicable statutes of limitation.

29. That Plaintiffs' claims are barred on the grounds they suffered no actual or constitutional injuries.

30. That if Plaintiffs sustained any injuries or damages, such were caused by, due to, and the result of their own carelessness, negligence, intentional and/or unlawful conduct or said conduct on the part of third parties over whom these answering Defendants have no control.

31. That the force used upon Plaintiffs was in all respects legally reasonable, proper, and necessary under the circumstances and authorized by Minn. Stat. § 609.06.

32. That Plaintiffs have failed to mitigate their damages.

WHEREFORE, Defendants Paul Ford, Candice Beaudette, Thaddeus Schmidt, Ron Lehner, Jeff Whitbeck and the City of St. Paul pray that Plaintiffs take nothing against them by their pretended claim for relief; that Defendants be given judgment for their costs, disbursements, reasonable attorneys' fees and for such other relief as the court may deem just and equitable; and that Plaintiffs' Amended Complaint be dismissed with prejudice and judgment be entered in accordance with said dismissal.

Dated: May 24, 2005            MANUEL J. CERVANTES
                                                  City Attorney

                                                  <u>s/ James F.X. Jerskey</u>
                                                  JAMES F.X. JERSKEY, #220115
                                                  Assistant City Attorney
                                                  550 City Hall and Court House
                                                  15 West Kellogg Boulevard
                                                  Saint Paul, Minnesota 55102
                                                  (651) 266-8757
                                                  *Attorneys for Defendants Paul Ford, Candice Beaudette, Thaddeus Schmidt, Ron Lehner, Jeff Whitbeck and the City of St. Paul*